**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWAYNE SMITH, | No. 08-56915 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-00051-JVS-JWJ |
| v. | |
| C. M. HARRISON, Warden of California State Prison, Los Angeles County Substituted for C K Pliler, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 16, 2010[**]
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and ROBART, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James L. Robart, United States District Judge for the
Western District of Washington, sitting by designation.

Dwayne Smith appeals the district court's order denying his petition for habeas corpus. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to Smith's petition. Smith's shackling during trial did not violate due process under clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Even visible restraints are permitted during trial after "a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck v. Missouri*, 544 U.S. 622, 629 (2005); *see also Larson v. Palmateer*, 515 F.3d 1057, 1062 (9th Cir. 2008) (quoting *Deck*, 544 U.S. at 629).[1] In this case, the state trial judge employed restraints designed to be inconspicuous. *See Morgan v. Bunnell*, 24 F.3d 49, 51-52 (9th Cir. 1994); *Jones v. Meyer*, 899 F.2d 883, 885 (9th Cir. 1990). The judge decided that Smith needed to be shackled only after hearing several attorneys' specific security concerns related to Smith. We also note that it was no secret that Smith was in custody. The murder for which he was being tried occurred in the L.A. County jail against a fellow inmate.

_____

[1] The clearly established rule stated in *Deck* applies to this case, even though the Supreme Court decided *Deck* after Smith's conviction became final. *See Larson*, 515 F.3d at 1061-62 (applying the rule from *Deck* to a 1992 conviction because the rule is "one that is 'deeply embedded in the law,' reflecting a consensus 'dating back to the 19th century'"). Furthermore, *Cox v. Ayers*, 588 F.3d 1038 (9th Cir. 2009), does not impact our analysis because AEDPA was inapplicable in that case.

Nor was the state court's finding that Smith posed a security risk an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d)(2). The trial judge was not required to hold a formal evidentiary hearing before deciding that Smith needed to be shackled. *See Duckett v. Godinez*, 67 F.3d 734, 749 n.7 (9th Cir. 1995) (citing *Jones*, 899 F.2d at 886-87). The judge met with counsel in chambers and then convened a proceeding in open court, at which Smith personally addressed the judge about the shackling issue. The transcript of the in camera hearing and the proceedings in open court amply justify the trial judge's concern that Smith posed a substantial risk to the safety of counsel and the other defendants. The judge's finding, which has not been rebutted by clear and convincing evidence, is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Moreover, the California Court of Appeal's decision that the judge acted within his discretion under these circumstances is not contrary to, or an unreasonable application of, Supreme Court law. *Deck*, 544 U.S. at 629; 28 U.S.C. § 2254(d)(1). The evidence before the district court showed that Smith said that he had a "surprise" in store for the court, had made a threatening move towards one of the other defense counsel, and had a history of psychological problems, including a recent suicide attempt.

The shackling and the seating arrangements during trial did not deprive Smith of his right to consult with counsel under the Sixth Amendment. Under clearly established Supreme Court precedent, a defendant has the right to consult with counsel during trial. *See United States v. Miguel*, 111 F.3d 666, 672 (9th Cir. 1997) (citing *Geders v. United States*, 425 U.S. 80, 91 (1976)). However, after holding an evidentiary hearing, the district court found that Smith was indeed able to consult with his counsel during trial, both inside and outside of the courtroom, despite the shackles and the seating arrangements. That finding of fact was not clearly erroneous. Accordingly, the state court's determination that Smith was not deprived of his right to counsel was not contrary to, or an unreasonable application of, Supreme Court precedent.

Smith's ineffective assistance of counsel claim also fails. Smith's defense counsel disclosed to the trial judge that Smith had said that he had a surprise in store for the court. After holding an evidentiary hearing, the district court found that counsel's disclosure was made out of concern for courtroom security. That finding of fact was not clearly erroneous. After making his disclosure, counsel continued to act as a zealous advocate for Smith and even objected repeatedly to the shackling and seating arrangements. The state court found that counsel had an ethical duty to disclose his concern over courtroom security. *People v. Cox*, 809

P.2d 351, 369 (Cal. 1991), *overruled on other grounds by People v. Doolin*, 198 P.3d 11, 36 n.22 (Cal. 2009). The state court's decision denying Smith's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

AFFIRMED.